R. Ray WHITMER, Plaintiff–Appellee,

v.

GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Defendant–Appellant.

No. 89–2485.

United States Court of Appeals, Fourth Circuit.

March 21, 1991.

## ORDER OF CERTIFICATION

WIDENER, Circuit Judge.

a. We certify to the Supreme Court of Virginia under its Rule 5:42 the below-described question which is determinative of this case in the appeal now pending in this court from the United States District Court for the Western District of Virginia at Charlottesville. It appears to us that there is no controlling precedent on point in the decisions of the Supreme Court or the Court of Appeals of Virginia.

b. This request of the Supreme Court of Virginia is made by this order of this court in which all members of the panel to which the case was referred concur.

c. 1. The nature of the controversy is that Graphic Arts Mutual Insurance Company (Graphic), the appellant here, was sued by one R. Ray Whitmer on account of a policy of homeowners' insurance issued by Graphic to Whitmer covering Whitmer's

---

13. 42 U.S.C. § 2000e–5(k).

14. 42 U.S.C. § 1988 (1988).

15. *Craig v. Secretary, Dep't of Health & Human Services,* 864 F.2d 324, 328 (4th Cir.1989).

16. 616 F.2d 727 (4th Cir.1980).

home and associated personal property with fire insurance covering the replacement cost of the dwelling and personal property insured.

The dwelling and personal property involved were completely destroyed by fire, and Graphic denied liability, claiming arson as a defense. The jury found that Whitmer was not guilty of arson and found in Whitmer's favor in the amount of $201,536.60, for which sum judgment was entered for Whitmer. Although neither the dwelling nor the personal property had been replaced, the district court permitted Whitmer to prove as damages the replacement cost, and it limited proof to the replacement cost.

Although there has been no judicial or agreed ascertainment of the specific sum, Graphic argues that the actual cash value of the loss was in the amount of $135,865.55 and that the actual cash value was the proper measure of damage rather than the replacement cost. Whether the measure of damage is the actual cash value or replacement cost is the sole question in the case. No appeal has been taken from the judgment on the jury verdict as to arson, nor as to the judgment on the jury verdict as to the amount of replacement cost, and no other error is assigned.

2. The question of law to be answered is this: Is the measure of damage in this case the replacement cost of the dwelling and personal property lost in the fire or is it the actual cash value thereof?

3. The facts relevant to the question certified are that Whitmer purchased a homeowners policy from Graphic which included a provision for replacement cost for the real and personal property insured. The premium was computed on the basis of such coverage. On March 21, 1988, Whitmer's home was totally destroyed by fire. Graphic refused to make any payment under the policy to Whitmer, who had not replaced the realty or personalty destroyed, and Whitmer sued. Whitmer moved the district court, in limine, to limit the proof of damages at trial to replacement cost, which motion was granted by the district court. The jury awarded Whitmer replacement cost which it found to be $201,536.60. Graphic appeals, arguing that Whitmer should first be required to replace the property before obtaining replacement cost. Graphic asserts that it believed that Whitmer burned his own property. It relied on arson as a defense at trial and lost. It does not appeal the judgment on the jury's findings as to arson. Neither does it contest the judgment on the jury's finding of the amount of replacement cost. It argues that the actual cash value of the loss is $135,865.65, of which $6,580.00 is for removal of trees and debris and that amount of $6,580.00 is admitted. While the actual cash value of the loss has not been admitted or judicially ascertained, that fact does not affect the merits of this controversy.

Graphic bases its argument on the following provision in the insurance policy:

C. Item 3. Loss Settlement under Section I—Conditions: Paragraphs b., (1), (2), (3), (4), (5) are replaced. The following apply instead:

b. Coverage A or B—full cost to repair or replace with no deduction for depreciation.

(1) Our liability for loss will be the smallest of these amounts:

(a) replacement cost of, or

(b) the actual and needed amount spent to repair or replace the damaged building or any part of it.

(2) We shall not be liable for any loss for full cost to repair or replace of more than $1,000 until the actual repair or replacement has been done.

(3) At your option the cost to repair or replace can be determined at:

(a) date of loss, or

(b) date that repair or replacement is complete, provided it was completed with due diligence and dispatch.

(4) You may choose to disregard this condition in making claim hereunder. Such choice shall not prejudice your right to make further claim within 180 days after loss for any additional liability brought about by this policy condition.

Graphic takes the position the policy provision in C.3.b.(2) that there is no liability for loss "... until actual replacement has been done" controls the other policy and statutory provisions and would deny payment of replacement cost on that account until replacement has been completed.

4. The names of each of the parties involved are:

R. Ray Whitmer, Plaintiff–Appellee, and Graphic Arts Mutual Insurance Company, Defendant–Appellant.

5. The names, addresses and telephone numbers of counsel for each of the parties involved are:

Matthew B. Murray, Esquire
RICHMOND AND FISHBURNE
Queen Charlotte Square
214 East High Street
P.O. Box 559
Charlottesville, VA 22902–0559
(804) 977–8590
Counsel for Defendant–Appellant
Dexter B. Green, Esquire
917 East Jefferson Street
Charlottesville, VA 22901
(804) 296–4138
Counsel for Plaintiff–Appellee

6. The certified question of law is determinative of this proceeding in this court because it is the only question raised on appeal. If the district court was correct as to its measure of damage, its judgment will simply be affirmed. If the district court was incorrect as to the measure of damage, the case will be remanded to ascertain damages under the proper standard.

7. The only decision of the Supreme Court of Virginia discussing, in even close to present context, the applicable section of the Virginia Code, presently § 38.2–2104, is *Weinstein v. Commerce Insurance Company*, 196 Va. 106, 82 S.E.2d 477 (1954). The *Weinstein* case discusses the background of the policy provisions involved here but concerns a partial loss by fire of an apartment building which local ordinances would not permit being repaired for the same use. While the court held that the insurance was responsible for the cost of repairing or replacing the building with materials of like kind and quality, it did not discuss any possible application of what is presently Virginia Code § 38.2–2119 and infers that the provision in the statutes for insurance to the extent of actual cash value, but not to exceed the cost of repairing or replacing, were apparently originally inserted as a limitation on liability under insurance policies and did not contemplate furnishing additional coverage for additional premiums as is indicated in Virginia Code § 38.2–2119. In *Weinstein*, the court quoted favorably from New York that "[t]he stipulation [referring to the repair or replace provision] does not refer to an election by the insurer to rebuild, but to the measure of the liability of the underwriter." 82 S.E.2d at 477. The *Weinstein* case, however, is on facts so different from those present here that we are of opinion it is not controlling.

d. This order is concurred in by Judge Murnaghan, a judge of this court, and Judge Edward S. Smith, Senior Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation, as well as Judge Widener, the presiding judge who has signed this order.

The Clerk of this court will forward this order to the Supreme Court of Virginia under the seal of this court, as well as the original or copies of all or any portion of the record in this court as required by the Supreme Court of Virginia. Our Clerk, as well, will forward to the Supreme Court of Virginia, on its request, for use in this proceeding, any paper writing on file with this court and kept in connection with this case.

With the concurrences of Circuit Judge MURNAGHAN and Circuit Judge SMITH.